# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

OCT 22 2007

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Cle

JERRY L. SEWARD, )
 )
Petitioner, )
 )
v. ) Case No. CIV 07-195-RAW-KEW
 )
GREG PROVINCE, Warden, )
 )
Respondent. )

## OPINION AND ORDER

This matter is before the court on respondent's motion to transfer petitioner's successive habeas petition to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) [Docket #9]. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, alleged in his original petition [Docket #1] that his arrest and prosecution in Grady County District Court Case No. CRF-2002-409 violated the Americans with Disabilities Act, and his custody is not the result of a lawful or valid state court conviction. Although petitioner characterized the original petition as arising under 28 U.S.C. § 2241, the respondent asserts it was an attack on his state conviction pursuant to 28 U.S.C. § 2254.

The record shows that petitioner previously challenged his state conviction in the United States District Court for the Western District of Oklahoma, and that action was dismissed as barred by the statute of limitations and as not cognizable in a federal habeas action. *See Seward v. Provine*, No. CIV-07-246-F (W.D. Okla. Aug. 6, 2007). The Western District case currently is on appeal to the Tenth Circuit Court of Appeals in Case No. 07-

6145.

Petitioner insists this action is not a second or successive petition, but, instead, is a challenge to the administration of his sentence under 28 U.S.C. § 2241. His amended petition pursuant to § 2241 sets forth the following four claims:

(1) The State Post-Conviction processes as [sic] INADEQUATE AND INEFFECTIVE to protect petitioner's federal constitutional rights.

(2) State actors' discrimination and IMPAEDIMENTS [sic] <u>to access to the courts</u> because petitioner is a disabled and handicaped [sic] person.

(3) The ADMINISTRATION of petitioner's sentence CONTRARY to federal court holdings and state legislature mandates REQUIRING RELEASE after serving 85% of the total sentence.

(4) REQUEST DECLARATORY JUDGMENT, and Appointment of Counsel.

[Docket #16 at 1 (emphasis in original)].

The court has carefully reviewed the record and construes petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Only his third claim, however, actually concerns the administration of his sentence.

Petitioner's first ground for relief, which is a claim about the adequacy of post-conviction procedures, is not proper for a habeas corpus action. Any attempt by a habeas petitioner to challenge state "post-conviction procedures . . . [will] fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see also Sellers v. Ward*, 135 F.3d 1333 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable in a federal habeas corpus proceeding).

Petitioner's second claim in his amended petition alleges he is a disabled person who has been denied access to the courts. This claim may be presented in a civil rights complaint, pursuant to 42 U.S.C. § 1983, but it is inappropriate for a habeas corpus case. Finally, petitioner's fourth claim, which is a request for an unspecified declaratory judgment also is improper for this case. Furthermore, his request for appointment of counsel must be presented in a separate pleading, pursuant to Local Rule 7.1(c).[1]

**ACCORDINGLY,** petitioner's claims concerning state post-conviction procedures, access to the courts, and his request for a declaratory judgment are DENIED. Only his claim concerning the administration of his sentence may proceed in this amended § 2241 habeas corpus petition [Docket #16]. The respondent's motion to transfer successive petition [Docket # 9] is DENIED.

**IT IS SO ORDERED** this 22nd day of October 2007.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner subsequently filed a separate motion for appointment of counsel [Docket #13].